IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TONY BONVOLANTA, as Special )
Administrator of the ESTATE OF )
MADELINE BONVOLANTA, Deceased, )
                              )
        Plaintiffs,            )
                              )
     v.                        )   No. 04 C 2232
                              )
DELNOR COMMUNITY HOSPITAL;     )
CHRISTOPHER J. OIE, M.D.; ANDREW N. )
RISNER, M.D.; VALLEY EMERGENCY CARE, )
INC.; STEVE HOLTSFORD, M.D.; MICHAEL )
H. RABIN, M.D.; NEUROSURGERY & SPINE )
SURGERY, S.C.; JOHN BRAYTON, M.D.; )
KEITH GORDEY, M.D.; SUBURBAN   )
PULMONARY & SLEEP ASSOC.; JOHN A. )
KEFER, M.D.; KANE CARDIOLOGY, S.C.; )
PAUL M. GEKAS, M.D.; GREATER VALLEY )
MEDICINE; RONALD B. BUKOWY, M.D.; )
M. ROBLES, R.N.; MARY CLARK; LAURIE )
BIRD; TERRI L. SCHENK; PAT ROGERS, )
R.N.; LINDA DEERING, R.N.; and JAMES )
KEEN,                         )
                              )
        Defendants.            )

## MEMORANDUM OPINION AND ORDER

This is an action brought under the Federal Emergency Medical Treatment and Active Labor Act, 14 U.S.C. § 1395dd (EMTALA). The complaint was filed on March 25, 2004. On April 1, 2005, the plaintiff filed separate motions under Fed. R. Civ. P. 59(e) to amend or alter my order of March 18, 2005 (incorrectly described in Plaintiff's motion as an order of February 18, 2005) granting as unopposed the motion for judgment on the pleadings of defendants John A. Kefer, M.D. and Kane Cardiology, S.C. and the motion for

summary judgment of defendant Paul M. Gekas, M.D. The motions were not filed within the ten day period required by Rule 59(e), but I will treat them as motions filed pursuant to Rule 60(b). *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166-67 (7th Cir. 1995).

Plaintiff is the Special Representative of the Estate of Madeline Bonvolanta. Plaintiff's amended complaint alleges as follows. On or about March 26, 2002, plaintiff's decedent, Mrs. Bonvolanta, suffered trauma to her skull and was taken to Delnor Community Hospital's Emergency Department. The physicians and nurses at Delnor who diagnosed and treated her failed to utilize available diagnostic and testing procedures to determine whether Mrs. Bonvolanta was experiencing cerebral bleeding and any emergency medical condition arising therefrom; they discharged her from the hospital in less than two hours. That same evening Mrs. Bonvolanta was returned to the hospital by ambulance. Despite her known and obvious condition, she was again improperly screened, tested and treated. As a result, she suffered a massive intra-cranial hemorrhage and died on April 3, 2002. Plaintiff also alleges that certain defendants, including Dr. Gekas, not only failed to maintain medical records as required by EMTALA, but conspired to alter or destroy what records did exist.

Plaintiff also alleges that the Department of Health and Human Services, Centers for Medicare and Medicaid Services (CMS), found after investigation that Delnor's records of Mrs. Bonvolanta's

emergency treatment record, physicians' orders and hand-written documentation were missing in violation of 42 C.F.R. § 489 et seq., and, upon information and belief, that Delnor has admitted to CMS that such records were incomplete and missing.

Dr. Kefer and Kane Cardiology's motion for judgment on the pleadings was filed on October 4, 2004. On October 7, 2004, I set a briefing schedule requiring a response to the motion to be filed by October 28, 2004 and any reply to be filed by November 11, 2004. Dr. Gekas' summary judgment motion was filed on December 28, 2004. On December 21, 2004, I set a briefing schedule on that motion requiring a response to be filed by January 18, 2005 and any reply to be filed by February 1, 2005. Plaintiff failed to file a response to either motion and did not request an extension of time to do so. On March 18, 2005, I entered an order granting both motions as unopposed.

The power of the court to grant motions as unopposed when the non-movant fails to meet a briefing schedule is established by Local Rule 78.3 of this court and decisions of the Seventh Circuit. Local Rule 78.3 states in relevant part:

> Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its own motion or that of a party may strike the motion or grant the same without further hearing.

See Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004)(citing *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 909-10

(7th Cir. 2003)(". . . there comes a point when a litigant's disregard of scheduling orders becomes so serious that . . . the ultimate sanction of dismissal, is in order")).

However, the Seventh Circuit also requires that before granting a dispositive motion as unopposed, the trial judge must look at the motion to determine whether it states adequate grounds for the relief requested. *Nabozy v. Podlesny*, 92 F.3d 446, 457 n.9 (7th Cir. 1996). I have now reviewed the record and find that the Kefer motion does not state adequate grounds. The motion is denominated a motion for judgment on the pleadings, which it clearly is not. Kefer has not filed an answer, and Fed. R. Civ. P. 12(c) provides that motions for judgment on the pleadings may only be filed "[A]fter the pleadings have closed . . . " I therefore treat the motion not as one for judgment on the pleadings, but as a motion to dismiss. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir.1999). In ruling on the motion, I must accept as true all well pleaded facts alleged

4

in the complaint, and draw all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir.1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir.1996).

Drs. Kefer and Gekas are not sued for medical malpractice in this action. Indeed, the physician who provided plaintiff with an opinion that the original complaint stated a meritorious claim for violation of ETMELA does not even refer to them. What the iterations of the complaint do allege for a cause of action against Kefer and Gekas is that they conspired with others to make the decedent's medical records misleading and false and to alter or destroy relevant documents. In his motion for judgment on the pleadings, Kefer contends that the first amended complaint is fatally defective because the allegations against Kefer are the same as those in the original complaint. The answer to that argument is two-fold: the allegations are not the same, but even if they were, the argument does not aid Kefer, since in my September 13, 2004 order I denied Kefer's prior motion to dismiss the original complaint, and I adhere to that determination now. In point of fact, the present allegations of conspiracy are even stronger and more specific than the ones I previously upheld.

Kefer also argues that there is no evidentiary or factual support for the allegations against him and attaches to his motion an affidavit in which he denies knowledge of what happened to the

medical records of plaintiff's decedent and of any conspiracy to cover up wrongful conduct. Kefer's motion to dismiss is not, and may not be converted into, a motion for summary judgment. It was not denominated as such and was not accompanied by a statement of material facts. *Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003).

I therefore treat plaintiff's motion to alter or amend the judgment as to Dr. Kefer and Kane Cardiology as a response to the Kefer motion, and grant the motion. I vacate my order of March 18, 2005 insofar as it granted Kefer's motion for judgment on the pleadings and dismissed Dr. Kefer and Kane Cardiology.

Substantially the same considerations apply to Dr. Gekas's motion for summary judgment, which I granted, and to plaintiff's motion to alter or amend that judgment. The motion to alter or amend the summary judgment was also filed on April 1, 2005, too late to be entertained under Rule 59(e), but I may consider it as a Rule 60(b) motion, and I do so. I also consider it as a response to the Gekas motion. Further, although I granted the Gekas motion as unopposed, I am constrained by Seventh Circuit authority to review it and determine whether it asserts adequate grounds for the relief requested.

The summary judgment motion is very narrowly focused and based on a statement made by the plaintiff in an answer and objection to

Gekas Interrogatory No. 9. The objection states what was already obvious from the language of the first amended complaint: plaintiff is not claiming damages from Dr. Gekas because he caused an injury to the decedent or caused her to incur damages; rather, plaintiff alleges that the conspiratorial conduct of Dr. Gekas may prevent a full and open disclosure of the facts essential to plaintiff's EMTALA or malpractice action. (FAC ¶¶ 107-109).

In his memorandum in support of the motion for summary judgment, Dr. Gekas argues that the tort of civil conspiracy requires an injury caused by an unlawful overt act performed by one of the parties to the conspiracy, and that plaintiff's admission that his decedent suffered no injury is fatal to his conspiracy counts. In my view the argument pleads too much. The first amended complaint alleges that Delnor Community Hospital has admitted to CSM that Mrs. Bonvolanta's medical records were missing and/or incomplete. The alleged conspiracy counts are inextricably linked to the allegations of the principal counts of the complaint, which charge violations of EMTALA. They arise from a course of conduct which, if proven, may well have the result of preventing or impeding the plaintiff from proving his case under the statute.

In his Objection to Plaintiff's 59(e) Motion, Dr. Gekas argues further that the conspiracy claims must fall because "at the time of the alleged tort the Estate of Madeline Bonvolanta did not exist." 4). He goes on to argue that he owes no duty to Plaintiff

7

who, as Special Administrator, may only sue for wrongful death or for a claim specifically enumerated in the Survival Act, 755 ILCS 5/27-6. This argument was not raised in his original memorandum in support of the motion for summary judgment, and comes too late to be considered now. In any event, the tardy contention that the conspiracy counts are deficient because at the time of the alleged tort the estate was not yet in existence, strikes me as highly dubious. Under Illinois law, when letters of administration are issued with respect to a decedent's estate, the letters relate back to the time of death. *Estate of Swartz v. Revesz*, 218 Ill. App. 449 (1920); *In re: Kuhn's Estate*, 69 N.E.2d 728.

For the foregoing reasons, I grant both of plaintiff's motions, vacate my order of March 18, 2005, and reinstate Dr. Kefer, Kane Cardiology S.C., and Dr. Gekas as defendants herein.

This result notwithstanding, I am constrained to voice my concern over the manner in which plaintiff's counsel have ignored my scheduling orders, creating additional, unnecessary work for the court and a near partial defeat for their client. Attorney David M. Zinder who filed the Rule 59(e) motions on plaintiff's behalf represents to the court that during the period September 2004 through January 2005, his own medical condition was such that he was only in his office "intermittently." He does not state that he was totally disabled during this period, but merely that his condition was "disruptive to his office schedule and overall

practice." Nevertheless, his condition did not prevent him from negotiating on October 18 and filing on October 29, 2004 (the day after a response to the Kefer motion was due), an elaborate discovery plan in this case. Of equal importance is the fact that Mr. Zinder is not the only counsel of record for plaintiff in this case, nor is he plaintiff's lead counsel. Attorney Ralph C. Hardesty of Hardesty & Associates appears in that capacity, and Mr. Zinder appears as additional counsel. Yet neither of those lawyers thought to ask for an extension of time to respond to the Kefer and Gekas motions. I advise both counsel that if they again violate my orders, I will entertain appropriate motions for sanctions against them and their client, which may include dismissal of this action.

**ENTER ORDER:**

_____
**ELAINE E. BUCKLO**
United States District Judge

Dated: May 31, 2005